**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| INSTITUTE FOR WILDLIFE PROTECTION, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> KEN SALAZAR, ET AL., <br><br> Defendants. | Case No: C08-1202-JCC <br><br> **STIPULATED SETTLEMENT AGREEMENT** |

Plaintiffs Institute for Wildlife Protection and Crystal Grace Rutherford and Defendants Ken Salazar, in his official capacity as Secretary of the Interior ("Secretary"), and the U.S. Fish and Wildlife Service ("Service"), by and through their undersigned counsel, state as follows:

WHEREAS, on August 14, 2002, the Service listed the Tumbling Creek Cavesnail ("Cavesnail") as an endangered species under the Endangered Species Act ("ESA"), 16 U.S.C. §1533. 67 Fed. Reg. 52,879 (August 14, 2002). To date, the Service has not designated critical habitat for the Cavesnail.

WHEREAS, on August 11, 2008, Plaintiffs filed a Complaint for declaratory and injunctive relief alleging that the Secretary failed to comply with the non-discretionary duty to designate the critical habitat for the Cavesnail under the ESA, 16 U.S.C. §1533(a)(3)(A), and

that the Secretary failed to conduct a five year status review under 16 U.S.C. §1533(c)(2). Plaintiffs also allege that the Defendants failed to comply with the notification requirements outlined in the Freedom of Information Act ("FOIA"), 5 U.S.C. §552(a)(6)(A)(i) and 5 U.S.C. §552(b).

WHEREAS, Plaintiffs and Defendants, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' Complaint.

WHEREAS, Plaintiffs and Defendants agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them.

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1. The Service agrees to submit to the Federal Register a determination as to whether it is prudent to designate critical habitat pursuant to 16 U.S.C. § 1533(a)(3)(A) and, if prudent, a proposed critical habitat determination by June 30, 2010. If critical habitat is proposed, the Service agrees to submit a final critical habitat determination to the Federal Register by June 30, 2011. In consideration of the Service's agreement to meet these deadlines, Plaintiffs agree to dismiss this action with prejudice.

2. Either party may seek to modify the deadline for any actions specified in Paragraph 1 for good cause shown, consistent with the Federal Rules of Civil Procedure. In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the parties shall use the dispute resolution procedures specified in Paragraph 3.

3. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline for the actions specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute or seeking enforcement, shall provide the other party with written notice of the claim. The parties agree that they will meet and confer (in-person not required) at the earliest possible time in a good-faith effort to resolve the claim before pursuing relief from the Court. If the parties are unable to resolve the claim within a reasonable time, either party may seek relief from the Court.

4. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable time line for designations of critical habitat under 16 U.S.C. § 1533 or in any other proceeding regarding the Service's implementation of the ESA.

5. Defendants agree that Plaintiffs are the "prevailing party" in this action, and agree to pay Plaintiffs reasonable attorneys' fees and costs, pursuant to Section 11(g) of the ESA, 16 U.S.C. § 1540 (g). Therefore, Defendants agree to settle all of Plaintiffs' claims for costs and attorneys' fees in the above-captioned litigation for a total of $20,000.00. A check will be made payable in that amount to Plaintiff's undersigned counsel, Don Webb, 2630 Elinor Street, Eugene, Oregon 97404.

6. Defendants agree to submit all necessary paperwork for the processing of the attorneys' fee award to the Department of the Treasury's Judgment Fund Office, pursuant to 16

1 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the court order approving this
2 stipulation.

3     7. Plaintiffs agree to accept payment of $20,000.00 in full satisfaction of any and all
4 claims for attorneys' fees and costs of litigation to which Plaintiffs are entitled in the
5 above-captioned litigation, through and including the date of this agreement.

6     8. Plaintiffs agree that receipt of this payment from Defendants shall operate as a release
7 of Plaintiffs' claims for attorneys' fees and costs in this matter, through and including the date of
8 this agreement.

9     9. Plaintiffs reserve the right to seek additional fees and costs incurred subsequent to
10 this agreement arising from a need to enforce or defend against efforts to modify the underlying
11 schedule outlined in Paragraph 1, or for any other unforeseen continuation of this action.

12     10. Defendants do not waive any right to contest fees claimed by Plaintiffs or Plaintiffs'
13 counsel, including the hourly rate, in any future litigation, or continuation of the present action.
14 Further, this stipulation as to attorneys' fees and costs has no precedential value and shall not be
15 used as evidence in any other attorneys' fees litigation.

16     11. Subject to the qualifications in Paragraph 12, no provision of this Agreement shall be
17 interpreted as, or constitute, a commitment or requirement that Defendants take action in
18 contravention of the Endangered Species Act, the Administrative Procedure Act, or any other
19 law or regulation, either substantive or procedural. Nothing in this Settlement Agreement shall
20 be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or
21 general principles of administrative law with respect to the procedures to be followed in making
22 any determination required herein, or as to the substance of any final determination.

23

12. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendant is obligated to spend funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341. In response, Plaintiffs assert that this Agreement does not create a conflict with the Anti-Deficiency Act because the duty to make petition findings is required in non-discretionary terms by the ESA and because the Anti-Deficiency Act would not excuse compliance with a pre-existing court-approved Agreement. Plaintiffs may assert this position if Defendants fail to comply with the terms of this Agreement for reasons of insufficient appropriations. Defendants reserve all legal and equitable defense to any argument by Plaintiffs that the Anti-Deficiency Act does not apply to non-discretionary duties required by the ESA.

13. The parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the parties. By entering into this Agreement the parties do not waive any claim or defense.

14. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

15. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

16. Upon approval of this Agreement by the Court, all counts of Plaintiffs' Complaint shall be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1). Notwithstanding the dismissal of this action, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Respectfully submitted this 20th day of February, 2009,

JOHN C. CRUDEN, Acting Assistant Attorney General
JEAN E. WILLIAMS, Section Chief
LISA L. RUSSELL, Assistant Chief

**s/** Rickey D. Turner Jr.
RICKEY D. TURNER JR.
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife and Marine Resources Section
P.O. Box. 7369
Washington, D.C. 20044-7369
(202) 305-0229
rickey.turner@usdoj.gov

Attorneys for Defendants


s/ Don Webb
DON WEBB
Institute for Wildlife Protection
2630 Elinor Street
Eugene, OR 97404
(541) 434-6630
iwplit@comcast.net

Attorney for Plaintiffs

**ORDER**

It is ordered that the terms and conditions of this Stipulated Settlement Agreement are hereby adopted as an ORDER of this Court.

Dated: this 24th day of February, 2009.

John C. Coughenour
UNITED STATES DISTRICT JUDGE